IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD KOSTENBAUDER, | ) | CASE NO. 3:12CV02581 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| v. | ) | |
| | ) | |
| BRIEN COOK, Warden, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |

On October 16, 2012, *pro se* Petitioner Richard Kostenbauder ("Kostenbauder") filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. Doc. 1. In response, on April 23, 2013, Respondent Brien Cook ("Respondent") filed a Motion to dismiss arguing that Kostenbauder defaulted his sole ground for relief. Doc. 5. On October 28, 2013, Kostenbauder filed an opposition to Respondent's Motion to dismiss in which he does not dispute Respondent's contention that he procedurally defaulted but argues that ineffective assistance of counsel excuses his default. Doc. 19, pp. 5-8.

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2. For the reasons set forth below, the undersigned recommends that Respondent's Motion to Dismiss (Doc. 5) be **GRANTED** and Kostenbauder's Petition for Habeas Corpus (Doc. 1) be **DISMISSED WITH PREJUDICE**.

## I. Procedural Background

### A. State convictions

On May 22, 2008, Kostenbauder entered into a plea agreement whereby he pled guilty to one count of burglary and two counts of theft in Lorain County Court of Common Pleas Case No. 07CR072381 (the "2007 case"). Doc. 5-1, Ex. 1, p. 1. That same day the court accepted his plea and ordered Kostenbauder to serve three years in prison. Doc. 5-1, Ex. 2, p. 4. In addition, the court imposed a mandatory three year term of post-release control supervision. Doc. 5-1, Ex. 2, p.4. The judgment entry of conviction and sentence states,

> The court has further notified Defendant that post-release control is mandatory in this case for 3 years, as well as the consequences for violating conditions of post-release control imposed by the Parole Board under R.C. 2967.28. The Defendant is ordered to serve as part of this sentence any term of post-release control imposed by the Parole Board, and any prison term for violation of that post-release control. If post-release control is imposed, for violation of post-release conditions, the Adult Parole Authority or Parole Board could impose a more restrictive or longer control sanction, or return defendant to prison for up to nine months for each violation, up to a maximum of ½ of the stated prison term. *If the violation is a new felony, Defendant may receive a prison term of the greater of one year or the time remaining on post-release control, in addition to any other prison term imposed on the new offense.* (emphasis added)

Doc. 5-1, p. 5. Kostenbauder's prison term expired on March 11, 2011, at which time Kostenbauder would have been placed on post-release control supervision. Doc. 5-1, Ex. 5, pp. 12-13.

Three months after Kostenbauder's prison term expired, on June 2, 2011, while he was on post-release control in the 2007 case, he was charged with three counts of Robbery (R.C. 2911.02(A)(2)) in the Lucas County Court of Common Pleas (the "2011 case"). Doc. 5-1, Ex. 6, Case No. CR11-1822, pp. 14-15. Kostenbauder, through counsel, entered a plea of not guilty to the indictment. Doc. 5-1, Ex. 7, p. 17. On August 29, 2011, Kostenbauder withdrew his not guilty plea and executed a negotiated plea of no contest to one count of robbery, a lesser included

2

offense, in violation of R.C. 52911.02(A)(3). Id. On September 28, 2011, the court found Kostenbauder guilty of robbery, a felony of the 3rd degree. Doc. 5-1, Ex. 8, p. 19. At his sentencing hearing, the court ordered Kostenbauder to serve three years incarceration, as well as a three year term of post-release control supervision upon his release from prison. Doc. 5-1, Ex. 8, pp. 19-20. Further, because Kostenbauder was on post-release control from his 2007 case in Lorain County at the time he committed the robberies in Lucas County in 2011, the court found him to be in violation of the terms and conditions of post-release control and sanctioned him to an additional 992 days imprisonment to be served consecutively with the sentence in his 2011 Lucas County case. Doc. 5-1, Ex. 8, pp. 20.

### B. Motion for Delayed Appeal

Kostenbauder failed to perfect a timely appeal of his conviction and sentence in the 2011 case. On March 7, 2012, Kostenbauder field a motion for leave to file a delayed appeal to the Sixth Appellate District of Ohio. Doc. 5-1, Ex. 9, Case No. CL12-1061, pp. 22-39. Kostenbauder argued that he should be granted a delayed appeal pursuant to App.R. 5(A) because the trial court and defense counsel failed to advise him of his right to appeal pursuant to Crim. R. 32(B). Doc. 5-1, Ex. 9, pp. 25-26. Kostenbauder raised one assignment of error:

> The Trial Court error to the prejudice of the Appellant when the court imposed a consecutive sentence to a post-release control sanctions that placed Appellate twice in jeopardy for the same criminal offense in violation of Appellate United States constitutional rights Amendments 5, 6, and 14 as well as a violation of Ohio Law R.C. 2967.28.

Doc. 5-1, Ex. 9, p. 28.

The State filed a memorandum opposing Kostenbauder's motion and Kostenbauder filed a Reply. Doc. 5-1, Ex. 10, 11. On May 15, 2012, the Sixth District denied Kostenbauder's motion, finding that, under App.R. 5(A), "defendant has not set forth sufficient reasons for his

3

delay in filing a notice of appeal." Doc. 5-1, Ex. 12, p. 56. Specifically the Sixth District found that Kostenbauder was informed of his right to appeal because the trial court's judgment entry of September 28, 2011, specified that Kostenbauder was afforded all rights pursuant to Crim. R. 32 and given notice of his appellate rights under 2953.08. Doc. 5-1, Ex. 12, p. 56.[1]

Kostenbauder filed a motion for reconsideration of the appellate court's May 15, 2012, decision. Doc. 5-1, Ex. 13. The motion for reconsideration was also denied. Doc. 5-1, Ex. 14. Kostenbauder filed a timely appeal from the denial of his motion for reconsideration to the Ohio Supreme Court. Doc. 5-1, Ex. 15, Ex. 16. In his memorandum in support of jurisdiction, Kostenbauder raised two propositions of law:

1. Trial court committed error when the court reinstated the original sentence through a post release violation R.C. 2967.28 and R.C. 2929.141(B) that punished appellant twice for the same criminal offense in violation of the Appellant's United States constitutional rights Amendments 5 and 14.

2. Appellant set forth sufficient reasons for not perfecting his appeal of right timely (App. R. 4, App. R. 5(A)(1)(2)) where the trial court failed to inform the appellant of his right to appeal (Crim.R.32(B)) in violation of the Appellant's United States constitutional rights.

Doc. 5-1, Ex. 16, p. 70. The State filed a waiver of memorandum in response. Doc. 5-1, Ex. 17. On September 26, 2012, the Ohio Supreme Court declined jurisdiction and dismissed the case because it did not involve any substantial constitutional question. Doc. 5-1, Ex. 18.

### C. Federal Habeas Corpus

Kostenbauder filed the instant federal habeas petition on October 16, 2012, and raised a single assignment of error:

---

[1] In the plea agreement signed by Kostenbauder, he acknowledged, "I understand my right to appeal a maximum sentence, my other limited appellate right and that any appeal must be filed within 30 days of my sentence." Doc. 5-1, Ex. 7, p. 18.

4

> **Ground One.** Petitioner was punish twice for the same criminal offense violation of the petitioner United States Constitutional Rights Amendments, 5, and 14. Petitioner served and completed a three years sentence imposed by the trial court in Case No. 07CR073281. Petitioner was placed on post release control for three years. R.C. 2967.28. Petitioner committed a new criminal offense (Robbery R.C. 2911.02, Case No. CR2011-1011822) and the trial court in that case imposed a three prison term and placed petitioner on post release control for three years after serving the state-prison term R.C. 2967.28. During the sentencing hearing pursuant to R.C. 2921.141 the trial court imposed the PRC sanction upon the petitioner under Case No. 07CR073281. The trial court in Case No. 07CR073281 adjudicated, if the petitioner violate the condition of post release control the (APA) Adult Parole Authority would impose all sanction for violating his condition on post release control and if the defendant committed a new crime. The trial court in Case No. 201101822 reinstated the original three years sentence that was completed in case No. 07CR073281 as a sanction/violation imposing 922 days or 2 years and 8 months with 112 days credited awaiting transportation to prison. The trial court has no legal authority and or subject matter jurisdiction to reinstate the original sentence of three years 07CR073281 nor to impose any PRC sanction under ohio law R.C. 2921.141, and R.C. 2967.28. Once the trial court reinstated the completed three year sentence case No. 07CR073281 the court punished petitioner twice for the same criminal offense that expired. Trial court use R.C. 2921.141 as a double edge sword to punish criminal defendants multiple times for the same criminal offense. R.C. 2921.141 is unconstitutional.

Doc. 1, pp. 6-7. In response to Kostenbauder's habeas petition, Respondent filed a motion to dismiss, arguing that Kostenbauder's sole ground is procedurally defaulted and without merit. Doc. 5. On October 28, 2013, Kostenbauder filed an opposition to Respondent's motion to dismiss. Doc. 19. In the opposition, Kostenbauder appears to concede that his sole ground is procedurally defaulted but argues that ineffective assistance of counsel excuses any default. Doc. 19, pp. 1-2.

## II. Law

### A. Standard of Review under AEDPA

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), apply to Kostenbauder's habeas petition because he filed it

5

after the effective date of the AEDPA. 28 U.S.C. § 2254. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007). In particular, the controlling AEDPA provision states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

28 U.S.C. § 2254(d). A decision is "contrary to" clearly established federal law when the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)).

In order to obtain federal habeas corpus relief, a petitioner must establish that the state court's decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Bobby v. Dixon*, 132 S. Ct. 26, 27 (2011) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011)). This bar is "difficult to meet" because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Richter*, 131 S. Ct. at 786 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)). In short, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The petitioner carries the burden of proof. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

### B.  AEDPA Procedural Requirements

Under the AEDPA, a petitioner must meet certain procedural requirements in order to have his claims reviewed in federal court.  *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 430 (6th Cir. 2006).  "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  *Daniels v. United States*, 532 U.S. 374, 381 (2001).

**Exhaustion.**  A federal court may not grant a writ of habeas corpus unless the petitioner has exhausted all available remedies in state court.  28 U.S.C. § 2254(b)(1)(A).  A state defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a federal habeas corpus action.  28 U.S.C. § 2254(b), (c); *Anderson v. Harless*, 459 U.S. 4, 6  (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *see also Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)) ("[f]ederal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts").  A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

**Procedural Default.**  Procedural default may occur in two ways.  *Williams*, 460 F.3d at 806.  First, a petitioner procedurally defaults a claim if he fails "to comply with state procedural rules in presenting his claim to the appropriate state court." *Id*.  In *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986), the Sixth Circuit provided four prongs of analysis to be used when determining whether a claim is barred on habeas corpus review due to petitioner's failure to comply with a state procedural rule: (1) whether there is a state procedural rule applicable to petitioner's claim

7

and whether petitioner failed to comply with that rule; (2) whether the state court enforced the procedural rule; (3) whether the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim and (4) whether the petitioner can demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *See also Williams*, 460 F.3d at 806 ("If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.") (citing *Maupin,* 785 F.2d at 138).

Second, "a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'" *Williams*, 460 F.3d at 806 (citing *O'Sullivan*, 526 U.S. at 848). "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Williams*, 460 F.3d at 806. While the exhaustion requirement is technically satisfied because there are no longer any state remedies available to the petitioner, see *Coleman v. Thompson,* 501 U.S. 722, 732 (19*91), the petitioner's failure to have the federal claims considered in the state courts constitutes a procedural default of those claims that bars federal court review. *Williams,* 460 F.3d at 806.

To overcome a procedural bar, a petitioner must show cause for the default and actual prejudice that resulted from the alleged violation of federal law or that there will be a fundamental miscarriage of justice if the claims are not considered. *Coleman,* 501 U.S. at 750.

**Cognizability.** A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement violates the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis

of a perceived error of state law." *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988).

### III.  Claims Analysis

**A.  Kostenbauder has procedurally defaulted his sole ground for relief**

Respondent argues that Kostenbauder's sole ground for relief, Ground One, is procedurally defaulted for two reasons.  First, Respondent argues that Kostenbauder failed to present his claim to the state court in the manner required by state law.  Doc. 5, pp. 6-7.  Next, Respondent argues that Kostenbauder also defaulted his claim because he did not timely appeal his conviction to the state appellate court.  Doc. 5, pp. 8-9.  Kostenbauder appears to concede that his sole ground is unexhausted but argues that ineffective assistance of counsel provides cause and prejudice to excuse his default.  Doc. 19, pp. 1-9.

A claim may be procedurally defaulted in two ways. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991). The petitioner may fail to comply with state procedural rules in presenting his claim to the appropriate state court, precluding the state court from reaching the merits of the issue because the state procedural rule is an independent ground for precluding relief. *Maupin v. Smith,* 785 F. 2d 135, 138 (6th Cir. 1986). Alternatively, a petitioner may fail to raise and pursue a claim through the state's "established appellate review process," *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999), and state law may preclude the petitioner from then raising the claim at the time of the federal habeas petition. *Engle v. Issac*, 456 U.S. 107, 125 n.28 (1982).

In the current matter, Kostenbauder's claim is procedurally defaulted because he did not timely appeal his conviction to the state appellate court.  Under Ohio App. R. 4(A),

9

Kostenbauder had 30 days from the date of his conviction in the trial court to appeal to the state appellate court. Kostenbauder was convicted and sentenced on September 28, 2011, but he did not file an appeal within 30 days of that date. Doc. 5-1, Ex. 8.

On March 7, 2012, Kostenbauder filed a motion for delayed appeal with the Sixth District. Doc. 5-1, Ex. 9. Ohio App.R. 5(A) requires that a motion for delayed appeal set forth the reasons for the failure of the appellate to perfect an appeal as of right. Kostenbauder argued that the trial court and trial counsel failed to advise him of his right to appeal. Doc. 5-1, Ex. 9, pp. 26-27. The state appellate court denied Kostenbauder's leave to appeal. The appellate court stated,

> In this case, the court finds that the September 28, 2011, judgment entry in which the defendant was sentenced states that the defense attorney and the prosecutor were present "as was the defendant, Richard Kostenbauder, who was afforded all rights pursuant to Crim.R. 32." Further the court stated that, "Defendant given notice of appellate rights under 2953.08." Since the court speaks through its judgment entry, we find that the defendant was informed of his right to appeal his sentence.
>
> Upon due consideration, the court finds that defendant has not set forth sufficient reason for his delay in filing a notice of appeal. App.R. 5(A) . Accordingly, defendant's motion for leave to file a delayed appeal is found not well-taken and denied.

Doc. 5-1, Ex. 12, p. 56. The Ohio Court of Appeals' decision denying Kostenbauder's motion for a delayed appeal under Ohio App.R. 5(A) constitutes an adequate and independent state procedural ground under *Maupin* to deny federal habeas corpus review. *Stone v. Moore,* 644 F.3d 342, 348 (6th Cir.2011).

Accordingly, Kostenbauder has defaulted his sole ground for relief. Absent either cause and prejudice or a finding of actual innocence, a federal court may not reach the merits of claims that have been procedurally defaulted. *Reed v. Farley,* 512 U.S. 339, 354-55 (1994); *William v. Anderson,* 460 F.3d 789, 805-06 (6th Cir. 2006).

10

**B. Ineffective assistance of counsel does not excuse Kostenbauder's procedural default.**

Kostenbauder argues that ineffective assistance of counsel serves as cause and prejudice to excuse his default.  Doc. 19, pp. 1-9.  Specifically, Kostenbauder argues that his counsel was ineffective by failing to counsel him on the advantages and disadvantages of filing an appeal and failing to file an appeal.  Doc. 19, pp. 1-2.  The burden is on the petitioner to show cause for not complying with the procedural rule and actual prejudice from the claimed error.  *Engle,* 456 U.S. at 129–30, 102 S.Ct. 1558; *Maupin,* 785 F.2d at 138–39.  Kostenbauder fails to meet that burden.

### 1. Kostenbauder's ineffective assistance claim is procedurally defaulted

If procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State, which may not "conduc[t] trials at which persons who face incarceration must defend themselves without adequate legal assistance." *Cuyler v. Sullivan,* 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980).  However, the exhaustion doctrine requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.  *Jacobs v. Mohr,* 265 F.3d 407, 414 (6th Cir. 2001); *Edwards v. Carpenter,* 529 U.S. 446, 452, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000); *Ewing v. McMackin,* 799 F.2d 1143, 1149-50 (6th Cir. 1986).

Kostenbauder argues his ineffective assistance of counsel claim was presented to the state appellate court in his motion for delayed appeal.  Doc. 5-1, Ex. 9, p. 22.  In his motion for delayed appeal, Kostenbauder argued that defense counsel rendered ineffective assistance of counsel in failing to advise him of his right to appeal, citing *Gideon v. Wainwright, Strickland v. Washington*, and the Sixth Amendment.  Id., p. 27.  Kostenbauder stated that the trial court and defense counsel must advise defendant of the right to appeal and the procedures and time limits

11

involved. Id., pp. 26-27. He further argued that he was informed of his appellate rights under R.C. 2953.08, but not under Crim.R.32(B). Id., p. 27. Because Kostenbauder expressly relied upon case law from the U.S. Supreme Court regarding a defendant's Sixth Amendment right to the effective assistance of counsel, phrased his claim in terms of the denial of a specific constitutional right, and alleged facts within the mainstream of constitutional law, he fairly presented this claim to the appellate court in his motion for delayed appeal. *See Jacobs v. Mohr, 265 F.3d 407, 416 (6th Cir. 20*01). However, a review of Kostenbauder's arguments on appeal to the Ohio Supreme Court, following the denial of his delayed appeal, show that he did not continue to pursue his ineffective assistance of counsel argument.

The appellate court denied Kostenbauder's motion for delayed appeal finding he did not set forth sufficient reasons for his delay in filing a notice of appeal under App.R. 5(a). Kostenbauder then filed a motion for reconsideration of the appellate court's decision, which was also denied, and then timely appealed that decision to the Ohio Supreme Court. Doc. 5-1, Ex. 13, 15. In his memorandum in support of jurisdiction, Kostenbauder did not pursue an ineffective assistance of counsel argument.[2] Doc. 5-1, Ex. 16.

Because Kostenbauder could have raised the issue of ineffective assistance of counsel (regarding his trial counsel's failure to advise him of his appellate rights) when he appealed the denial of his motion for delayed appeal to the Ohio Supreme Court, under Ohio law, the first and second *Maupin* factors are met. *See Smith v. Anderson,* 104 F.Supp.2d 773, 794 (S.D.Ohio 20*00) ("The failure to raise on appeal a claim that appears on the face of the record constitutes a procedural default under Ohio's doctrine of *res judicata.*") (citing *Cole,* 443 N.E.2d at 171). The third *Maupin* factor is met because Ohio's doctrine of *res judicata* as a procedural bar is regularly

---

[2] Kostenbauder did argue that "[t]he trial court failed to place defendant on notice of his appellate rights under Crim. R. 32(B)." Doc. 5-1, Ex. 16, p. 78.

12

applied by Ohio courts. See *Smith,* 104 F.Supp.2d at 793 (finding that Ohio's doctrine of *res judicata* as a procedural bar was an independent and adequate state ground under *Maupin* inasmuch as the Ohio appellate courts "do not ignore or arbitrarily deny Ohio's procedural bars, including the *Perry* rule, on a regular basis").

As the first three *Maupin* factors are met, Kostenbauder must demonstrate "cause" as to why he failed to appeal the dismissal of his ineffective assistance of counsel claim. Kostenbauder has not demonstrated any basis upon which this Court may find cause for his decision not to appeal his ineffective assistance of counsel claim to the Ohio Supreme Court. Because Kostenbauder procedurally defaulted his claim of ineffective assistance of counsel, this Court is precluded from considering that as cause to excuse his procedural default on his sole ground arguing that the trial court punished him twice for the same criminal offense. *Edwards v. Carpenter*, 529 U.S. 446, 450, 120 S. Ct. 1587, 1590, 146 L. Ed. 2d 518 (2000)*; Jacobs*, 265 F.3d at 418.

### 2. Alternatively, Kostenbauder's counsel was not ineffective

In the alternative, the performance of Kostenbauder's counsel was not ineffective under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The U.S. Supreme Court has rejected a bright-line rule that counsel must always consult with the defendant regarding an appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 480, 120 S. Ct. 1029, 1036, 145 L. Ed. 2d 985 (2000). Instead, the Supreme Court found that, "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe*, 528 U.S. at 480.

*Flores-Ortega* sets forth a three-part sequential analysis. *Johnson v. United States*, 364 F. App'x 972, 975-76 (6th Cir. 2010). First, the habeas court must determine whether the defendant gave counsel express instructions regarding an appeal. Id. Second, if the defendant did not provide express instructions, then the court must determine whether counsel consulted with the defendant about an appeal. Id. Finally, if there was no consultation, the court must decide whether the failure to consult was objectively unreasonable. Id.

Applying *Flores-Ortega* to the case at bar, Kostenbauder does not claim that he ever requested an appeal or indicated a desire to appeal his conviction to trial counsel. Kostenbauder contends that his counsel did not consult him about an appeal. Doc. 19, pp. 1-2. Kostenbauder argues that his counsel's failure to consult was objectively unreasonable because he has a low I.Q. and no ability to engage in abstract reasoning. Doc. 19, pp. 1-2. There is no case law to support the contention that, because of his mental capacity, Kostenbauder's lawyer should have presumed that his client wished to appeal and undertaken to perfect an appeal on his behalf, even in the absence of an express or implied request. *Hall v. Yanai*, 197 F. App'x 459, 460-61 (6th Cir. 2006).

Regarding his duty to consult, counsel has a constitutionally imposed duty to consult with a defendant about an appeal when there is reason to think that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal). *Roe*, 528 U.S. at 480.

In making this determination, the Supreme Court has directed that:

[C]ourts must take into account all the information counsel knew or should have known. Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine

14

whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal. (internal citation omitted)

Id.

Kostenbauder's case involved a plea agreement.  He pled no contest to the robbery offense with an understanding that he could get a maximum of five years in prison for that offense. Lucas County sentenced Kostenbauder to three years in prison for that offense and an additional 992 days imprisonment for violating post-release control in his Lorain County case, for a total of just under six years imprisonment.  Accordingly, Kostenbauder received slightly more time than he bargained for in his plea, not for the 2011 offense but due to the imposition of time based on the violation of his post-release control in his 2007 Lorain County case.

Regarding Kostenbauder's appellate rights, the plea agreement expressly stated, "I understand my right to appeal a maximum sentence, my other limited appellate right and that any appeal must be filed within 30 days of my sentence."  Doc. 5-1, Ex. 7, p. 18.  The plea agreement was signed by Kostenbauder, his attorney, and the trial judge.  Doc. 5-1, Ex. 7. Accordingly, Kostenbauder cannot credibly claim lack of notice of his appellate rights in light of his acknowledgement of his appellate rights prior to sentencing.  Further, in the trial court's judgment entry, the Court stated that Kostenbauder was "afforded all rights pursuant to Crim.R. 32" and "given notice of appellate rights under R.C. 2953.08."  Doc. 5-1, Ex. 8, pp. 19-20.  In light of the plea agreement and judgment entry, it is clear that Kostenbauder was advised of his appellate rights.

Additionally, even if Kostenbauder had not been consulted, he does not demonstrate any non-frivolous grounds for taking an appeal from his conviction.[3] *Roe*, 528 U.S. at 480.

---

[3] To the extent that Kostenbauder raises a claim regarding an alleged violation of state law, that claim is not cognizable on federal habeas corpus review. 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984).

15

Kostenbauder argues that the trial court in his 2011 case reinstated the original three year sentence that was completed in his 2007 case.  Doc. 1, p. 6.  However, this is incorrect.  Kostenbauder served three years in prison on his 2007 case.  In the 2011 case, the trial court found:

> [A]fter serving his stated prison in case 07CR073281, the defendant was release (sic) on post release control.  While under post release control [in the 2007 case], the defendant committed and has been convicted of Robbery, a felony of the 3rd degree in Lucas Case number CR201101822D.  Pursuant to Ohio Revised Code section 2967.28(F)(4), the Court finds that the defendant is in violation of post release control by committing the felony in case CR2011012822D and therefore imposes a prison term of the maximum period of post release control for case 07CR073281, minus any time the defendant has spent under post release control for case number 07CR073281 or twelve months, whichever is greater, therefore, the Court imposes the greater time of 992 days.  The Court further orders that the prison term imposed for the violation of post release control in case 07CR073281 shall be served consecutively to the prison term imposed for the new felony committed in case CR201101288D.

Doc. 5-1, p. 20.  For the 2011 offense, Kostenbauder received three years in prison.  Doc. 5-1, p. 5.  In addition, Kostenbauder received three years for the violation of post-release control in his 2007 case.  Doc. 5-1, p. 5.  In the 2007 case, Kostenbauder was expressly informed of the possible sanction for violating his post release control in that case.  Both the plea agreement and the judgment entry of conviction and sentence in the 2007 case stated that, if Kostenbauder committed a felony while on post-release control, he would receive a prison term of the greater of one year or the time remaining on post-release control *in addition to* any other prison term imposed for the new offense.  Doc. 5-1, Ex. 1, p. 2; Ex. 2, p. 5.  Therefore, Kostenbauder was not punished twice for the same offense.  Rather, pursuant to the terms of the sentence in the 2007 case, because he committed a new offense while on post-release control, he was sentenced to prison for the time remaining on the post-release control period imposed as part of the sentence in the 2007 case.

16

Kostenbauder's argument that this action by the trial court in his 2011 case violated the Double Jeopardy Clause of the U.S. Constitution is unpersuasive.  The Supreme Court has stated that post-revocation sanctions are attributable to the original conviction and thus do not implicate the Double Jeopardy Clause. *Johnson v. United States*, 529 U.S. 694, 700, 120 S. Ct. 1795, 1800, 146 L. Ed. 2d 727 (2000); *Childress v. United States*, CRIM. 00-80466, 2013 WL 3353903 (E.D. Mich. July 3, 2013); *Longwell v. Jeffreys*, 2:05-CV-781, 2006 WL 1000233 (S.D. Ohio Apr. 13, 2006); *See also, State v. Martello,* 97 Ohio St.3d 398, 400-402, 780 N.E.2d 250 (Ohio 2002) (no double jeopardy violation occurs when a defendant is prosecuted for an offense while on post release control following imprisonment and also for violating the terms of that release by committing that offense).  Kostenbauder provides no authority to the contrary.  Kostenbauder's counsel was not constitutionally ineffective where no non-frivolous grounds for an appeal existed.  Thus, Kostenbauder's procedural default is not excused.

### IV. Conclusion and Recommendation

For the reasons stated above, Kostenbauder's sole ground for relief is procedurally defaulted.  Accordingly, the undersigned recommends that Respondent's Motion to Dismiss (Doc. 5) be **GRANTED** and Kostenbauder's habeas petition (Doc. 1) be **DISMISSED WITH PREJUDICE**.

Dated: January 3, 2014

*/s/ Kathleen B. Burke*
Kathleen B. Burke
United States Magistrate Judge

### **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the

right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).